IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GEMMY INDUSTRIES CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action _____ |
| | § | |
| | § | Jury Demanded |
| ALDI, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Gemmy Industries Corporation ("Gemmy") files this Complaint against Defendant Aldi, Inc. ("Defendant").

## PARTIES

1. Plaintiff Gemmy is a Texas corporation with its principal place of business at 2111 W. Walnut Hill Ln., Irving, TX 75038.

2. Upon information and belief, Aldi, Inc. ("Aldi") is a Kansas corporation having a principal place of business in Batavia, Illinois. The registered agent for service of process on The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, Kansas 66603.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this lawsuit under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction of claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4. Upon information and belief, Defendant regularly and systematically conducts business in the state of Kansas by advertising, soliciting and selling their products at retail stores

**Complaint**                                                                                         1

located throughout the United States, including Kansas. Accordingly, Defendant is subject to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred in this jurisdiction and Defendant has sufficient contacts with this District to subject them to personal jurisdiction.

## FACTS

6. Gemmy is in the business of developing and selling, among other things, a line of self-inflating outdoor decorations under the "Airblown" mark. Gemmy has been selling its Airblown products since at least as early as October 2000. Each Airblown product contains a base with a fan unit, an inflatable body attached to the base and a string of enclosed lights extending through the inflatable body. The inflatable body of each Airblown product has an original and distinctive design that was independently created exclusively for Gemmy.

7. Gemmy's Airblown products contain many original, distinctive, and nonfunctional elements, including but not limited to the shape of the fan cover, the design of the base, the shape and design of the protective covers of the light assemblies and the ornamental design of the inflatable body. Upon information and belief, customers have come to associate the overall combination of these distinctive nonfunctional elements of the Airblown products with Gemmy.

8. The original design of the inflatable body of each of Gemmy's Airblown products was independently created for the exclusive use of Gemmy. Gemmy owns the copyrights in the design of each of the Airblown products. Exhibit A is a true and correct copy of Copyright Registration No. VA 1-103-389 for the Air Blown Stationary Santa that was registered on May 2, 2001. Exhibit B is a true and correct copy of Copyright Registration No. VA 1-103-387 for the Air Blown Stationary Snowman that was registered on May 2, 2001. Exhibit C is a true and

correct copy of Copyright Registration No. VA 1-103-392 for the Air Blown Stationary Pumpkin-Vertical that was registered on May 2, 2001.

9. Gemmy is the assignee of United States patent 6,644,843 entitled Inflatable Figure Assembly ("the '843 patent"). The '843 patent issued on November 11, 2003, and is directed generally to the products described herein as Gemmy's Airblown products. Exhibit D, attached hereto, is a true and correct copy of the '843 patent.

10. Upon information and belief, Defendant is selling and offering to sell, among other things, a line of self-inflating outdoor decorations at its retail stores. Photographs of the products being sold by Defendant are attached as Exhibits E, F and G. The construction of each of the self-inflating products sold by Defendant, other than the leg assembly portion of the base, is virtually identical to Gemmy's Airblown products. As a result, the products being sold by Defendant contain all of the nonfunctional elements of Gemmy's Airblown products and present the same overall impression to consumers as Gemmy's Airblown products.

11. The designs of the inflatable body used in a number of the products being sold by Defendant are substantially similar to the copyrighted designs of the corresponding inflatable body used in Gemmy's Airblown products. These products include at least the pumpkin, snowman and Santa Claus versions of the respective products.

12. Defendant's wrongful acts and unfair competition have caused, and are likely to continue to cause, Gemmy to incur substantial damages, including irreparable injury for which damages are an inadequate remedy.

13. All conditions precedent to this action have occurred or been waived.

## CAUSES OF ACTION

### Count I: Copyright Infringement

14. Gemmy realleges and incorporates by reference all preceding paragraphs.

**Complaint** 3

15.     Gemmy is the owner of a valid copyright in the design for each of its products sold under the Airblown mark, including but not limited to the pumpkin, Santa Claus and snowman versions.  See Exhibits A, B and C for the respective copyright registrations.

16.     The design of a number of products being sold by Defendant, including at least the pumpkin, snowman and Santa Claus versions, are each substantially similar to the copyrighted design in Gemmy's corresponding Airblown product.  As such, Defendant's sale and distribution of such Products constitute copyright infringement under 17 U.S.C. § 501.

17.     Gemmy has been damaged as a result of Defendant's sale of products that infringe Gemmy's copyrights.  To remedy this infringement, Gemmy seeks: (a) injunctive relief pursuant to 17 U.S.C. § 502; (b) impoundment and disposition pursuant to 17 U.S.C. § 503; (c) damages and profits or, alternatively, statutory damages, pursuant to 17 U.S.C. § 504; and (d) costs and attorney's fees pursuant to 17 U.S.C. § 505.

## Count II: Federal Unfair Competition

18.     Gemmy realleges and incorporates by reference all preceding paragraphs.

19.     Upon information and belief, the distinctive nonfunctional elements of Gemmy's Airblown products have come to be associated by the public with a single source of goods.

20.     Defendant's incorporation of the nonfunctional elements of Gemmy's Airblown products into the products being sold by Defendant results in a total overall impression of those products that misleads consumers to believe that those products being sold by Defendant originate from, or are sponsored, affiliated, associated or otherwise connected with Gemmy.

21.     Defendant's actions have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection, or association of Gemmy with Defendant, or as to the origin, sponsorship or approval of Defendant's products and services

by Gemmy in violation of 15 U.S.C. § 1125. Such wrongful acts and unfair competition by Defendant have caused, and are likely to continue to cause, Gemmy to incur substantial damages. To remedy these wrongful acts, Gemmy seeks: (a) injunctive relief pursuant to 15 U.S.C. § 1116; (b) profits, damages, treble damages, and costs pursuant to 15 U.S.C. § 1117; (c) destruction of accused articles pursuant to 15 U.S.C. § 1118; and (d) attorney's fees pursuant to 15 U.S.C. § 1117.

### Count III: State Unfair Competition

22. Gemmy realleges and incorporates by reference all preceding paragraphs.

23. Upon information and belief, the distinctive combination of nonfunctional elements of Gemmy's Airblown products has come be associated by the public with a single source of goods.

24. Upon information and belief, the products being sold by Defendant intentionally incorporate the distinctive combination of nonfunctional elements into those products to mislead consumers to believe that those products either come from or are sponsored by Gemmy.

25. Defendant's sale of those products containing Gemmy's distinctive nonfunctional elements will have the natural and probable result of deceiving the public. This consumer confusion has caused and will continue to cause Gemmy significant damages, including lost profits and damage to its business reputation.

### Count IV: Defendant Are Infringing the '843 Patent

26. Gemmy realleges and incorporates by reference all preceding paragraphs.

27. Defendant has and continues to sell products that infringe one or more claims of the '843 patent under 35 U.S.C. § 271 by making, using, importing, offering for sale, and/or selling, without authority, products embodying Gemmy's patented invention, including, but not limited to,

the products identified and depicted in Exhibits E, F and G.  Upon information and belief, the infringing products are sold and/or offered for sale by, through, and under the direction and authority of Defendant.

28.     Upon information and belief, Defendant's sale of the infringing product has been, and continues to be, willful.

29.     Upon information and belief, Defendant will continue its infringing activities unless enjoined by this Court.

30.     Gemmy has been damaged by Defendant's sale of the products that infringe upon the '843 patent.  To remedy this infringement, Gemmy seeks: (a) injunctive relief pursuant to 35 U.S.C. § 283; (b) compensatory damages, including lost profits, and in no event less than a reasonable royalty, interest, and costs pursuant to 35 U.S.C. § 284; (c) enhanced damages pursuant to 35 U.S.C. § 284; and (d) attorney's fees pursuant to 35 U.S.C. § 285.

### Count V: Application for Injunctive Relief

31.     Gemmy realleges and incorporates by reference all preceding paragraphs.

32.     Defendant's actions have caused, and are continuing to cause, substantial and irreparable damage to Gemmy for which there is no adequate remedy at law.  Gemmy is therefore entitled to an injunction preventing further unlawful acts by the Defendant.  Defendant has improperly sold and will continue to sell products that improperly use Gemmy's protected trade dress, Gemmy's copyrights, and will continue to willfully sell products that infringe the '843 patent, unless prevented from doing so by this Court.  While Defendant illegally continues to sell products that use Gemmy's trade dress, copyrights, and commit willful patent infringement, Gemmy will continue to be irreparably damaged.

33. Gemmy requests that Defendant, and all persons acting in concert with it be preliminarily and permanently enjoined from: (1) advertising, marketing, importing, selling or distributing any product that embodies Gemmy's trade dress, including Defendant's Products, or any other design that is confusingly similar to Gemmy's trade dress pursuant to 15 U.S.C. § 1116; (2) advertising, marketing, importing, selling, or distributing any product that is substantially similar to Gemmy's copyrighted Airblown products, including but not limited to Defendant's Products pursuant to 17 U.S.C. § 502; and (3) making, using, importing, offering for sale, selling, and/or inducing others to make, use, import, offer for sale, and/or sell products which infringe one or more claims of the '843 patent pursuant to 35 U.S.C. § 283.

### Count VI: Attorneys' Fees

34. Due to Defendant's wrongful conduct as alleged herein, Gemmy has retained attorneys to represent it and prosecute this action on its behalf, and has agreed to pay its reasonable attorney's fees and expenses for prosecuting this action. Upon information and belief, Defendant's actions have been willful and deliberate. This is an exceptional case for which attorney's fees are recoverable under 35 U.S.C. § 285, 15 U.S.C. § 1117(a), 17 U.S.C. § 505 and/or other state law pursuant to which Gemmy requests an award of its attorney's fees, costs, and expenses incurred in prosecuting this lawsuit.

### JURY DEMAND

35. Gemmy respectfully demands a jury.

### RELIEF SOUGHT

36. Gemmy respectfully requests that Defendant be cited to appear and answer this suit, and that Gemmy be awarded the following relief from Defendant:

   a. That Defendant and all persons acting in concert with it be preliminarily and permanently enjoined from: (1) advertising, marketing, importing, selling or distributing any product that embodies Gemmy's trade dress, including Defendant's Products, or any other design that is confusingly similar to Gemmy's trade dress pursuant to 15 U.S.C. § 1116; (2) advertising, marketing, importing, selling, or distributing any product that is substantially similar to Gemmy's copyrighted Airblown products, including but not limited to Defendant's Products pursuant to 17 U.S.C. § 502; and (3) making, using, importing, offering for sale, selling, and/or inducing others to make, use, import, offer for sale, and/or sell products which infringe one or more claims of the '843 patent pursuant to 35 U.S.C. § 283;

   b. That Defendant be required to report to Gemmy within 30 days after issuance detailing the steps taken in compliance with the preliminary injunction and the permanent injunction;

   c. That the Court order, while the action is pending, the seizure of all products sold by Defendant that infringe Gemmy's patent, trade dress and/or copyrights, as well as all articles by means of which such products may be manufactured and order the destruction of such seized products as part of the final judgment, including pursuant to 17 U.S.C. § 503 and 17 U.S.C. § 1118;

   d. That Gemmy receive and recover from Defendant all of: (1) Gemmy's actual damages, Defendant's profits or statutory damages, and Gemmy's attorney's fees arising from Defendant's sale of products that infringe upon Gemmy's copyrights; (2) profits, damages, treble damages, costs, and attorney's fees arising from Defendant's violation of the Lanham Act and Federal Unfair Competition laws; (3) lost profits, compensatory, and punitive damages arising from Defendant's common law Kansas State

**Complaint** 8

Unfair Competition violations; (4) compensatory damages of not less than a reasonable royalty, enhanced damages, interest, costs, and attorney's fees arising from Defendant's sale of products that infringe upon the '843 patent, and (5) any additional damages in an amount that the Court determines to be just;

e.   That the Court order the destruction of all of products in Defendant's possession that contain Gemmy's trade dress;

f.   That Defendant be ordered to pay Gemmy its reasonable costs, expenses, and attorney's fees incurred in prosecuting this action, including any appeal;

g.   That Gemmy be awarded pre and post-judgment interest to the maximum extent allowed by law; and

h.   That Gemmy be awarded such other and further relief to which it may be justly entitled.

## RELATED CASES

37.   This case is related to the following filed cases: *Gemmy Industries Corporation v. Chrisha Creations Limited, Quay Richerson and Alsto*, Case No. 03-2527-JWL and *Gemmy Industries Corporation v. Consolidated Stores Corporation and Take One Limited, LLC*, Case No. 03-2577-KHV.

## DESIGNATION OF PLACE OF TRIAL

38.   Gemmy respectfully requests the trial of this matter be held in Kansas City, Kansas.

Respectfully submitted,

/s/ James G. Flaherty

James G. Flaherty #11177
Daniel D. Covington, #19341
**ANDERSON, BYRD, RICHESON,
FLAHERTY & HENRICHS, LLP**
216 S. Hickory, P. O. Box 17
Ottawa, KS 66067
Telephone: (785) 242-1234
Facsimile: (785) 242-1279

ATTORNEYS FOR PLAINTIFF
GEMMY INDUSTRIES CORPORATION